CARRANZO v. DISTRICT OF COLUMBIA.

(Court of Appeals of District of Columbia.
Submitted December 7, 1925. Decided
January 4, 1926.)

No. 4328.

District of Columbia ⟷22—Regulations establishing stands for street vendors held valid.

Police Regulations of District of Columbia, art. 3, § 1, and article 12, § 2, designating particular stands for licensed street venders within congested section of city, and imposing penalty for violation, *held* valid.

In Error to the Police Court of District of Columbia.

John Carranzo was convicted of violating police regulations affecting street venders, and he brings error. Affirmed.

Robert Hardison, of Washington, D. C., for plaintiff in error.

F. H. Stephens and E. W. Thomas, both of Washington, D. C., for the District of Columbia.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This is a writ of error to the police court of the District of Columbia, to review a decision of that court sustaining the validity of the so-called street venders police regulation, and convicting plaintiff in error, a licensed street vender, of selling peaches within the congested section of the city of Washington at a place other than that designated as a stand for licensed street venders.

The regulation in question (section 1 of article III of the Police Regulations of the District, as amended) reads in part as follows: "No licensed street vender shall be permitted to sell any article or thing from or upon any highway or public space within the 'congested section' of the city, as defined in section 2, article XII, of these regulations, except at the following locations, which are hereby designated as stands for licensed street venders." After locating five stands, on one side of five city blocks, the regulation continues: "Outside of the 'congested section' no licensed street vender shall occupy a stand or remain in any one place upon any of the highways or public spaces for a longer period than is necessary to making a sale after having been approached or stopped for that purpose, except upon such stands designated for that purpose by the commissioners: * * * Provided, however, that nothing in this section shall be held to impair the provisions of article V of the Police Regulations relating to the several markets."

The "congested section," as defined in section 2 of article XII of the regulations, is bounded on the north by K Street Northwest, on the east by Seventh street, on the south in part by B and D streets and Pennsylvania avenue, and on the west by Fifteenth and Seventeenth streets. It will be noted that Center Market, being between Seventh and Tenth streets and north of B street, is brought within this congested section.

In Crane v. District of Columbia, 53 App. D. C. 159, 289 F. 557, this court held that the District commissioners were without authority to prohibit vending on the streets or public places, but that they were authorized to locate and change stands for licensed venders, and to pass reasonable regulations for the control of all street venders. The regulation in question was promulgated after the decision in the Crane Case. By its terms it applies (a) to the congested section and (b) to all other sections. The sale giving rise to the prosecution in this case having occurred in the congested section, and the provisions of the regulation as to that section being separable from the general provisions of the regulation, we are not here concerned with such general provisions.

The record discloses that, prior to the promulgation of these regulations, there were from 65 to 100 push-cart venders in the business of vending fruits and vegetables within the congested section; that to permit such a comparatively large number of these push-cart venders to ply their trade generally throughout the most congested part of the city might have a tendency seriously to interfere with traffic and be a menace to the safety of the general public may not be doubted. Recognizing this, the commissioners located within this area five stands, and restricted the activities of such venders to those locations. On the record before us, we would not be justified in saying that this was an unreasonable exercise of power; that is, that it amounted to prohibition, rather than regulation. There is evidence to the effect that, in some instances, these stands have been used in whole or in part for the parking of automobiles; but, as it does not appear that any complaint was made to the authorities of the District, it may not be assumed that upon proper complaint those authorities would fail to prevent such encroachment upon these stands.

It results that the judgment is affirmed, with costs.

Affirmed.